**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-24738-CIV-JUNG**

RAZIEL OFER,

    Plaintiff,

v.

LAUREL ISICOFF,

    Defendant.

_____/

**DEFENDANT'S MOTION TO PARTIALLY LIFT STAY AND TO DISMISS COMPLAINT WITH PREJUDICE**

i

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

II. BACKGROUND ................................................................................................. 1

III. LEGAL STANDARD.......................................................................................... 2

IV. ARGUMENT...................................................................................................... 4

    A. This Court should lift the stay for the limited purpose of addressing the instant motion to dismiss. ............................................................................... 4

    B. Defendant is entitled to absolute immunity. ............................................... 5

    C. Alternatively, Plaintiff fails to state a claim. ............................................. 7

    D. Alternatively, service was improper and this Court lacks personal jurisdiction. ...................................................................................................... 8

    E. Alternatively, the Complaint is an improper shotgun pleading. ............... 10

V. CONCLUSION................................................................................................. 11

Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6), Defendant United States Bankruptcy Judge Laurel Isicoff, by and through the undersigned Assistant United States Attorney, hereby moves to dismiss Plaintiff Raziel Ofer's Complaint with prejudice, and states as follows:

## I.  INTRODUCTION

Defendant is a United States Bankruptcy Judge for the Southern District of Florida. Plaintiff, displeased with rulings in two bankruptcy proceedings related to entities in which he has an interest, has now filed this lawsuit making outlandish accusations against her.

This Court should not countenance such vexatious behavior. Defendant respectfully requests that it lift the stay for the limited purpose of addressing this motion and promptly dismiss the claims against her with prejudice. Defendant has absolute judicial immunity, and in any event, Plaintiff fails to state any claim. Alternatively, this Court should dismiss the Complaint for lack of service of process, lack of personal jurisdiction, and as an improper shotgun proceeding.

## II.  BACKGROUND

Plaintiff has an interest in two entities called 942 Penn RR, LLC, and DRO 15R LLC. Both of these entities are, or recently were, in federal bankruptcy proceedings. *See in re 942 Penn RR, LLC,* No. 1:22-bk-14038 (Bankr. S.D. Fla.); *in re DRO 15R LLC*, No. 1:22-bk-12017 (Bankr. S.D. Fla.) (dismissed July 17, 2023); *see also, e.g., DRO 15R LLC v. Ajar Holdings, LLC,* No. 1:22-ap-1128 (Bankr. S.D. Fla. adversary proceeding); *DRO 15R LLC v. Ajar Holdings, LLC,* No. 1:22-ap-1130 (Bankr. S.D. Fla. adversary proceeding).[1] Defendant is the presiding bankruptcy judge in these proceedings.

---

[1] "A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. Public records are among the permissible facts that a district

The preposterous allegations in Plaintiff's instant Complaint will not and need not be addressed in any detail here. Suffice it to say that all of the alleged wrongdoing Plaintiff complains of relates to Defendant's conduct on the bench in bankruptcy proceedings before her. Although difficult to discern, the substance of his complaint appears to be dissatisfaction with the sale or other disposition of two Miami Beach properties that were assets of the aforementioned debtor-in-possession entities.[2]

### III. LEGAL STANDARD

In general, to survive a Rule 12(b)(6) motion for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do' … Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

---

court may consider." *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (citations omitted); *see also* Fed. R. Evid. 201.

[2] Defendant will address one small point. Plaintiff complains that Defendant refuses to upload motions to the docket in cases before her. These allegations appear to concern various filing restrictions that were imposed on him through the course of the bankruptcy proceedings and related adversary proceedings. For example, in its Order Imposing Further Filing Restrictions on Raziel Ofer, the court imposed sanctions because Plaintiff "repeatedly filed motions, pleadings, and other filings that are incomprehensible, laced with conspiracy theories, and contain unfounded, and in most instances, completely false, statements about parties involved in this case as well as about the Court." *In re 942 Penn RR, LLC,* No. 1:22-bk-14038, D.E. 949 (S.D. Fla. March 1, 2023). The court ordered that Plaintiff's proposed filings in the proceeding must be submitted to chambers for review before docketing. *Id.*

"[A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Where, as here, the challenge is "facial," "the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised." *Id.* (quotations omitted). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* (quotations omitted).

Plaintiff is proceeding *pro se*. Although courts "are to give liberal construction to the pleadings of pro se litigants, [courts] nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quotation omitted). Moreover, "the Court cannot act as an advocate on Plaintiff's behalf and will not conduct his legal research for him." *Crosby v. Florida*, 2022 WL 1289337, at *1 (M.D. Fla. Apr. 29, 2022) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). "Pro se litigants cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim .... Judges cannot and must not fill in the blanks for pro se litigants; they may only cut some linguistic slack in what is actually pled." *Williams v. U.S. Citizenship & Immigration Services ("USCIS")*, 2023 WL 8079947, at *2 (S.D. Fla. Nov. 21, 2023) (quotations and alterations omitted).

Further, "when amendment is futile, dismissal with prejudice is merited." *In re Amar*, 2019 WL 10733912, at *1 (Bankr. M.D. Fla. June 25, 2019); *see also Rivas v. Small*, 2017 WL 6551159, at *1 (S.D. Fla. Nov. 3, 2017) ("[D]ismissal is with prejudice since leave to amend would be futile.").

## IV. ARGUMENT

Plaintiff's claims are meritless. Defendant is entitled to absolute judicial immunity; alternatively, Plaintiff fails to state a claim; and alternatively, his suit suffers from major procedural deficiencies. This Court should lift the stay to address this motion and promptly dismiss the complaint. Moreover, it is "beyond doubt" that Plaintiff "can prove no set of facts which would entitle [him] to relief," and his claims should thus be dismissed "with prejudice." *Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Communications, Inc.*, 376 F.3d 1065, 1070 (11th Cir. 2004).

### A. This Court should lift the stay for the limited purpose of addressing the instant motion to dismiss.

On February 7, 2024, this Court stayed proceedings in this matter pending the appeal of the underlying bankruptcy proceedings, and affording Plaintiff an opportunity to move to lift the stay once said appeals are resolved. D.E. 15. Defendant respectfully requests that this Court lift the stay for the limited purpose of addressing the instant motion to dismiss.

"[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 683 (1997). Defendant respectfully submits that exercising this Court's discretion to lift the stay for the limited purpose of addressing the instant motion would further the ends of justice and the purposes of judicial immunity, including "protect[ing] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants" and "freeing the judicial process of harassment or intimidation." *Forrester v. White*, 484 U.S. 219, 225 (1988).

However, discovery should remain stayed. Defendant is asserting absolute immunity, and like other immunity defenses this "provides an entitlement not to stand trial or face the other burdens of litigation." *See Howe v. City of Enter.*, 861 F.3d 1300, 1302 (11th Cir. 2017) (quotation

4

omitted). Thus requiring a party asserting immunity to undertake discovery "is also inconsistent with ... decisions which establish that immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the [immunity] doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery."); *Point Conversions, LLC v. Lopane*, 2020 WL 6700236, at *2 (S.D. Fla. Oct. 29, 2020) ("Defendant asserts sovereign and judicial immunity defenses, which raise serious questions regarding the viability of Plaintiff's Complaint that must be resolved before Defendant is burdened with discovery and other pretrial obligations."); *Oueiss v. Saud*, 2021 WL 11606313, at *2 (S.D. Fla. Apr. 5, 2021) ("United States Supreme Court and Eleventh Circuit Court of Appeals precedent instructs that defenses of immunity should be resolved at the earliest stages of litigation so that defendants subject to such immunity are not unnecessarily burdened with litigation requirements, including discovery.") (collecting authority and staying discovery).

### B. **Defendant is entitled to absolute immunity.**

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017) (quotation omitted). "The immunity applies even when the judge's conduct was in error, was done maliciously, or was in excess of his authority." *Id.* (quotations omitted). "This absolute immunity is intended for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Id.* (quotation omitted). "A judge's errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption." *Id.* (quotation omitted). "Imposing such a burden on judges would

contribute not to principled and fearless decision-making but to intimidation." *Id.* (quotation omitted).

Bankruptcy judges, like other judges, are entitled to the immunity. *See id.* ("Absolute immunity is not reserved for Article III judges only"); *see also Boullion v. McClanahan*, 639 F.2d 213, 214 (5th Cir. 1981)[3] (trustee appointed and supervised by bankruptcy judge was entitled to "derived immunity"); *Tucker v. Abram*, 1993 WL 60605, at *1 (S.D.N.Y. Mar. 1, 1993) ("Judicial immunity extends to judges of the United States Bankruptcy Court.")

Here, Plaintiff's complaints against Defendant broadly relate to the court's rulings in the bankruptcy and bankruptcy-adversary proceedings listed above. This is a textbook case for judicial immunity: Plaintiff, an "unsatisfied litigant[]," is bring "litigation charging malice or corruption" against Defendant based on her rulings in judicial proceedings. *Stevens*, 877 F.3d at 1301. Even to the extent Plaintiff's conclusory allegations could be taken as true, they at best allege that Defendant's conduct was "in error, was done maliciously, or was in excess of [her] authority." *Id.* (quotation omitted). But judicial immunity always applies except as against "actions not taken in the judge's judicial capacity" and "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Here, Plaintiff complains of judicial actions taken in proceedings over which Defendant had jurisdiction. *Cf Mireles*, 501 U.S. at 12-13 (judge who ordered officers to use "excessive force" to bring attorney who was late for court into his courtroom was entitled to judicial immunity).

Plaintiff anticipates this argument in his complaint, and argues that *Harper v. Merckle*, 638 F.2d 848 (5th Cir. 1981), precludes absolute immunity. Not so. There, an individual visited a

---

[3] Fifth Circuit decisions issued on or before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981)

courthouse to drop off a check to his former wife, employed as a secretary to a judge. *Id.* at 850. The judge convened an impromptu contempt hearing against the individual in his chambers and held him in contempt. *Id.* at 850-51. The Court held that "under the unusual and rare facts of this case" the judge was not entitled to absolute immunity because his actions were not "judicial acts" given that they did not arise out of a case pending before the judge or a visit to the judge in any official capacity. *Id.* at 858-59. The Court cautioned that its "holding is exceedingly narrow and is tailored to this, the rarest of factual settings" and noted that judicial immunity may not apply where "no party has invoked the judicial machinery for any purpose at all." *Id.* at 859.

Here, by contrast, Plaintiff clearly "invoked the judicial machinery" in the course of the entities' bankruptcy proceedings, and Defendant's rulings in those proceedings are the source of his complaints. Defendant's actions were taken in her "judicial capacity" and were not taken in the "complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

Accordingly, this Court should dismiss Plaintiff's claims based on judicial immunity.

### C. **Alternatively, Plaintiff fails to state a claim.**

Even if this Court rejects Defendant's claim to absolute judicial immunity and proceeds to the merits, it is clear that Plaintiff fails to state any claim for relief. This Court should dismiss on this alternative ground.

Plaintiff's Complaint brings claims for § 1983 retaliation for First Amendment protected free speech (Count I), § 1983 deprivation of property without due process (Count II), 42 U.S.C. § 1982 (Count III), and 42 U.S.C. § 1981 (Count IV).

These claims fail as a matter of law because Defendant is a federal official—not a state official. 42 U.S.C. § 1983 creates a right of action against any individual acting "under color" of the law "of any State or Territory or the District of Columbia" who deprives a citizen of constitutional rights. Because this statute, by its terms, applies only to state officials, "Section

7

1983 does not apply to federal actors acting under color of federal law." *Hindman v. Healy*, 278 F. App'x 893, 895 (11th Cir. 2008) (citing *District of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973)). Likewise, "Section 1981 provides a cause of action for individuals subjected to discrimination by private actors and discrimination under color of state law, but does not provide a cause of action for discrimination under color of federal law." *Lee v. Hughes*, 145 F.3d 1272, 1277 (11th Cir. 1998). "So too for §[] 1982." *Wine v. Dep't of the Interior*, 2022 WL 3715799, at *6 (D.D.C. Aug. 29, 2022) (citing *Boling v. U.S. Parole Comm'n*, 290 F. Supp. 3d 37, 46 (D.D.C. 2017) ("[F]ederal employees acting in their official capacities are immune from liability for alleged violations of ... [all] provision[s] of the Civil Rights Act." (cleaned up)).[4]

Accordingly, this Court should alternatively dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

### D. **Alternatively, service was improper and this Court lacks personal jurisdiction.**

Alternatively, this Court should dismiss for improper service of process and a corresponding lack of personal jurisdiction.

---

[4] This Court should not construe Plaintiff's § 1983 claim as a *Bivens* claim against a federal official. But even if it were to do so, a *Bivens* claim would fail. In assessing a *Bivens* claim, courts "ask whether the case presents a new Bivens context—i.e., is it meaningfully different from the three cases in which the Court has implied a damages action." *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (quotations and alterations omitted). And "Second, if a claim arises in a new context, a Bivens remedy is unavailable if there are special factors indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id.* (quotations omitted). Plaintiff's claim involves a new context because it is wholly unlike any of the three *Bivens* cases recognized by the Supreme Court and is brought against a different type of defendant—a federal bankruptcy judge. And "[t]he newness of this 'new context' should alone require dismissal." *Id.* (quotation omitted). Moreover, the Supreme Court has specifically held that no *Bivens* action is available for first amendment retaliation, *Egbert*, 596 U.S. at 498, and most due process claims, *see Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (collecting authority).

Under Rule 12(b)(2), a court must dismiss a case if it lacks personal jurisdiction over a defendant. A plaintiff must satisfy "the procedural requirement of service" for a federal court to exercise personal jurisdiction over a defendant. *Managed Care Advis. Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1156 (11th Cir. 2019) (quotation omitted). Thus "where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)

A court may also dismiss an action under Rule 12(b)(5) for insufficient service of process. *See Rhodes v. Wilkie*, 2019 WL 3934451, at *2 (M.D. Fla. Aug. 20, 2019) ("A defendant may move for dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2) and for insufficient service of process pursuant to Rule 12(b)(5)."). Initially, the defendant "must describe with specificity how the service of process failed to meet the procedural requirements" of Federal Rule of Civil Procedure 4. *Fru Veg Mktg. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1181 (S.D. Fla. 2012) (quotation omitted). The burden then shifts to the plaintiff to show proper service of process. *Id.*

Here, in order to properly serve Defendant, a federal officer sued for an act or omission in connection with duties performed on the Unites States' behalf, Plaintiff was required to both serve Defendant personally AND serve the United States, including serving the United States Attorney for the Southern District of Florida and providing a copy to the Attorney General. *See* Fed. R. Civ. P. 4(i)(1), 4(i)(3). Plaintiff did not perfect service in this case because he did not serve the United

9

States, including by serving the United States Attorney for the Southern District of Florida. Accordingly, the burden shifts to Plaintiff to show that service was proper.

Plaintiff cannot do so. Because there was no effective service of process, this Court should dismiss the Complaint on this alternative ground. *See Rhodes*, 2019 WL 3934451 (dismissing complaint for failure to properly serve federal defendant); *Thomas v. Box*, 231 F. App'x 858, 860 (11th Cir. 2007) (same).

### E. Alternatively, the Complaint is an improper shotgun pleading.

Rule (a)(2) requires that a Complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Defendant respectfully submits that a cursory look at the Complaint will show that it is an improper shotgun pleading. Plaintiff's Complaint is neither a "short" nor "plain" statement of the allegations he brings against Defendant, and its rambling set of all allegations "fail… to give [Defendant] adequate notice of the claims against [her] and the grounds upon which each claim rests." Moreover, the Complaint contains two of the specific hallmarks of shotgun pleadings, namely, that it "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," and that it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1321-22.

Accordingly, this Court should alternatively dismiss Plaintiff's Complaint as an improper shotgun pleading.

## V. CONCLUSION

Defendant respectfully requests that this Court dismiss the Plaintiff's Complaint with prejudice.

Respectfully submitted,[5]
March 7, 2024

        **MARKENZY LAPOINTE**
        **UNITED STATES ATTORNEY**

        /s/ Johnathan D. Lott

        JOHNATHAN D. LOTT
        Fla. Bar. No. 0116423
        Assistant United States Attorney
        United States Attorney's Office
        Email: johnathan.lott@usdoj.gov
        500 E. Broward Blvd., Suite 700
        Fort Lauderdale, Florida 33394
        Tel: (954)-660-5931
        Attorney for Defendant

---

[5] Defendant respectfully submits that this motion falls entirely outside of the conferral requirements of S.D. Fla. L.R. 7.1(a)(3). Alternatively, Defendant would respectfully request that she be excused from any conferral requirement given the nature of Plaintiff's allegations.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of this filing is being mailed by U.S. mail to:

Raziel Ofer

PRO SE

Paramount World Center

851 N.E. 1st Ave

Miami, FL 33132

USA

Respectfully submitted,
March 7, 2024

**MARKENZY LAPOINTE**
**UNITED STATES ATTORNEY**

/s/ Johnathan D. Lott

JOHNATHAN D. LOTT
Fla. Bar. No. 0116423
Assistant United States Attorney
United States Attorney's Office
Email: johnathan.lott@usdoj.gov
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Tel: (954)-660-5931
Attorney for Defendant