UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**RAZIEL OFER**,

   Plaintiff,

v.                                         Case No. 1:23-cv-24738-WFJG

**LAUREL ISICOFF**,

   Defendant.

_____/

## ORDER

Before the Court is Defendant Laurel Isicoff's Motion to Partially Lift Stay and to Dismiss (Dkt. 16). Plaintiff Raziel Ofer has responded (Dkt. 17), and Defendant has replied (Dkt. 18). Plaintiff has also filed two supplementary briefings (Dkt. 19; Dkt. 21). Upon careful consideration, the Court grants Defendant's Motion.

## BACKGROUND

Plaintiff is an interest holder in two entities that have been subject to federal bankruptcy proceedings in the Southern District of Florida. *See in re 942 Penn RR, LLC*, No. 1:22-bk-14038 (Bankr. S.D. Fla.); *in re DRO 15R LLC*, No. 1:22-bk-12017 (Bankr. S.D. Fla.) (dismissed July 17, 2023); *see also, e.g., DRO 15R LLC v. Ajar Holdings, LLC*, No. 1:22-ap-1128 (Bankr. S.D. Fla. adversary proceeding); *DRO 15R LLC v. Ajar Holdings, LLC*, No. 1:22-ap-1130 (Bankr. S.D. Fla. adversary proceeding). Defendant is a United States Bankruptcy Judge who has presided, and

is still presiding, over these proceedings. In the instant case, Plaintiff, proceeding *pro se*, accuses Defendant of participating in a vast antisemitic conspiracy to dispossess Jewish property for personal monetary gain. *See generally* Dkt. 1.

Following multiple recusals in the Southern District of Florida, the Chief Judge of the United States Court of Appeals for the Eleventh Circuit assigned Plaintiff's case to this Court. Dkt. 11. The Court subsequently entered a stay pending appeal of Plaintiff's bankruptcy proceedings. Dkt. 15. Defendant now requests that the Court partially lift the stay to address her arguments for dismissal. Dkt. 16.

## LEGAL STANDARD

A complaint withstands dismissal under Federal Rule of Civil Procedure 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* All facts are accepted as true and viewed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

At the dismissal stage, a court may consider matters judicially noticed, such as public records, without converting a defendant's motion to one for summary judgment. *See Universal Express, Inc. v. S.E.C.*, 177 F. App'x 52, 52 (11th Cir. 2006). Additionally, documents may be considered at the dismissal stage if they are

central to, referenced in, or attached to the complaint. *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Documents attached to a motion to dismiss may also be considered if the documents are (1) central to the plaintiff's claim, and (2) undisputed (if their authenticity is not challenged). *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

## DISCUSSION

"The inherent discretionary authority of [district courts] to stay litigation pending the outcome of related proceeding[s] in another forum is not questioned." *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982). For this reason, district courts also enjoy discretion in lifting stays to address discrete legal issues. *Tribble v. Tew*, 760 F. App'x 718, 722 (11th Cir. 2019) (concluding that "the district court did not abuse its discretion by temporarily lifting the stay and discharging [the plaintiff-appellant's] lis pendens"). The Court chooses to exercise this discretion here because, notwithstanding Plaintiff's ongoing bankruptcy proceedings, the instant case is patently frivolous and ripe for dismissal.[1]

---

[1] The Court recognizes that the automatic stay provision of 11 U.S.C. § 362(a) is at play in the underlying bankruptcy proceedings. But, as other courts have held, "Section 362 by its terms only stays proceedings *against* the debtor. The statute does not address actions brought *by* the debtor[.]" *Trans Caribbean Lines, Inc. v. Tracor Marine, Inc.*, 49 B.R. 360 (S.D. Fla. 1985) (quoting *Assoc. of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982). Further, this is not an appeal from proceedings that were originally brought against the debtor.

The Eleventh Circuit has "recognized that district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties." *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (citing *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir. 1983); *see also Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). An example "of the former class are claims against which it is clear that the defendants are immune from suit[.]" *Neitzke*, 490 U.S. at 327. "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* at 328.

Plaintiff's Complaint has no arguable basis in fact. According to Plaintiff, Defendant is a corrupt judge who has been acting in concert with an undisclosed number of antisemitic co-conspirators for over 20 years. Dkt. 1 at 2–10. This largely unidentified antisemitic "mafia" includes multiple federal judges and attorneys who believe that "Jews . . . own too many properties and [Jewish] properties need to be confiscated." *Id.* at 4. Thus, when given the chance during Plaintiff's Chapter 11 bankruptcy (which was itself allegedly set up through the "gross corruption" of an Eleventh Circuit Judge), "[Defendant] awarded her partners an $18M building for $5.00." *Id.* at 9. Defendant purportedly did so despite being fully aware that the

Federal Bureau of Investigation ("FBI") had launched an investigation into her corruption. *Id.* at 6. Plaintiff maintains that this is "one of the worst [antisemitic] cases in [United States] history." *Id.* at 12. Still, he presents no support for these fantastical conspiracy accusations. The Court finds them to be delusional and malicious. *See Neitzke*, 490 U.S. at 327.

Plaintiff's attached exhibit does not change the Court's analysis. As an initial matter, the documents contained therein largely consist of additional unsupported claims which seek to recast Plaintiff's prior bankruptcy and court proceedings as a wide-ranging conspiracy to dispossess and steal Jewish property. *See generally* Dkt 1-2. Indeed, beyond the attached motion for recusal, Plaintiff includes attachments that link to articles about the Adolf Eichmann trial and an FBI report on antisemitism. *Id.* at 19–20. Plaintiff points to nothing evincing Defendant's alleged antisemitism except "antisemitic affidavits" which do not reference or in any way implicate Defendant. *Id.* at 31–32. The affidavits and attachments, moreover, are fantastical—they allege, for instance, that the bankruptcy judge Defendant threatened to murder Plaintiff. *Id.* at 21.

The grand judicial conspiracy Plaintiff complains of is simply unbelievable. Courts faced with complaints containing similar allegations have found such complaints frivolous. *See Williams v. St. Vincent Hosp.*, 258 F. App'x 293, 294 (11th Cir. 2007) (upholding *sua sponte* dismissal of § 1983 claim where the complaint

5

presented "a far-fetched scenario based on assertions of a massive conspiracy" that was "clearly baseless"); *Davis*, 261 F. App'x at 235 (upholding *sua sponte* dismissal where conspiracy "allegations were clearly baseless and without arguable merit in fact"); *Smith v. Albert*, No. 23-21644-CIV, 2023 WL 3277774, at *2 (S.D. Fla. May 5, 2023) (dismissing *sua sponte* where the plaintiff's allegations amounted to "an archetype of fantastic or delusional scenarios"). So too does this Court.[2]

"While a *pro se* litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile." *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) (citing *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam). Amendment would be futile here due to the delusional nature of Plaintiff's allegations. This case is dismissed with prejudice.

## CONCLUSION

The Court **DISMISSES** Plaintiff's Complaint (Dkt. 1) **WITH PREJUDICE**.

**DONE AND ORDERED** at Tampa, Florida, on April 30, 2024.

---

[2] The Court also notes that the gravamen of Plaintiff's Complaint relates to judicial conduct undertaken by Defendant in her official capacity. *See generally* Dkt. 1. It follows that Defendant would be immune from liability as it relates to this conduct even if Plaintiff's allegations were believable. *Bush v. Washington Mut. Bank*, 177 F. App'x 16, 17 (11th Cir. 2006) (explaining that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly" and that "judicial immunity prevents a civil suit against a federal judge accused of taking bribes"). For the reasons explained above, however, none of Plaintiff's allegations are believable, including those that relate to what is arguably non-judicial conduct.

                                              */s/ William F. Jung*
                                              **WILLIAM F. JUNG**
                                              **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Plaintiff, *pro se*